HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN FLETES VELASQUEZ,,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-00509-RAJ

ORDER

## I.      INTRODUCTION

THIS MATTER comes before the Court on Petitioner Juan Fletes Velasquez's Petition for Writ of Habeas Corpus, Dkt. # 4.  The Court has reviewed the petition, the submissions in support of and in opposition to the petition, and the balance of the record. For the reasons set forth below, the Court **GRANTS** Mr. Fletes Velasquez's petition by ordering a bond hearing.

## II.      BACKGROUND

Mr. Fletes Velasquez is a citizen of Honduras.  Dkt. # 8 ¶ 3.  On or about May 24, 2012, he entered the United States without inspection as an unaccompanied minor.  *Id.* ¶ 4.  Shortly after, Customs and Border Patrol ("CBP") apprehended him.  *Id.* ¶ 5. CPB

ORDER – 1

served him with a Notice to Appear ("NTA") but the NTA was never filed with the immigration court. *Id.* CPB then transferred him to the custody of the Office of Refugee Resettlement ("ORR"), which placed him with a sponsor on June 19, 2012. *Id.* ¶ 6.

Thereafter, Mr. Fletes Velasquez was arrested on two occasions, although with no resulting conviction. On May 12, 2019, he was arrested for assault 2-DV, reckless driving, and reckless endangerment, but no charges were filed. *Id.* ¶ 7. On January 14, 2023, he was arrested for assault 4-DV but the charges were dismissed. *Id.* ¶ 8.

On July 7, 2025, Mr. Fletes Velasquez was arrested pursuant to an administrative arrest warrant. *Id.* ¶ 9. A new NTA was filed with the immigration court on the same day. *Id.* On October 8, 2025, an immigration judge ordered Mr. Fletes Velasquez's removal to Honduras. *Id.* ¶ 10. Mr. Fletes Velasquez filed an appeal, which remains pending. *Id.* ¶ 11. He has been detained at the Northwest ICE Processing Center since his arrest in July 2025.

### III. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### IV. DISCUSSION

Respondents primarily argue Mr. Fletes Velasquez's detention is lawful because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court disagrees.

First, the weight of authority in this district and in district courts across the county is that a noncitizen already present in the United States and detained pending removal proceedings is detained under 8 U.S.C § 1226, not 8 U.S.C § 1225(b)(2). *See, e.g., Cotoc*

ORDER – 2

*Yac de Yac v. Hermosillo*, No. 25-cv-2593, 2026 WL 124334, at *2 (W.D. Wash. Jan. 16, 2026) ("8 U.S.C. § 1226(a) is broader than its counterpart [§ 1225(b)] and is the 'default rule' for noncitizens present in the United States who are arrested and placed in immigration detention."); *Mena Torres v. Wamsley*, 807 F. Supp. 3d 1266, 1271 (W.D. Wash. 2025) (§ 1226 "applies to [noncitizens] who are already present in the country, but might be removable because they either were inadmissible at the time of entry or have been convicted of one or more statutorily-enumerated criminal offenses"); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1303–04 (W.D. Wash. Sept. 30, 2025) (collecting cases and noting "[e]very district court to address this question" has rejected the government's reading of § 1225(b)).  This authority supports the conclusion that Mr. Fletes Velasquez, who has been present in the United States for more than a decade, is detained under § 1226(a).

Second, the government's own treatment of Mr. Fletes Velasquez indicates he is detained under § 1226(a).  "[W]here a petitioner has been 'treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225,' the former is more likely to apply."  *Del Valle Castillo v. Wamsley*, No. 25-cv-2054, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (citation omitted).  Here, Mr. Fletes Velasquez entered the United States as an unaccompanied minor, was transferred to ORR custody, and released to live with a sponsor.  Dkt. # 8 ¶¶ 4–6.  His "release from custody indicates that he was and is subject to detention under § 1226(a)."  *Del Valle Castillo*, 2025 WL 3524932, at *6 (finding similarly situated petitioner is detained under § 1226(a)).  Moreover, the notices of custody determination issued to Mr. Fletes Velasquez in both 2012 and 2025 state they were issued "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act . . . ."  Dkt. # 9-2 at 2; Dkt. # 9-5 at 2.  Section 236 of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226.  These documents again reveal the government's own treatment of Mr. Fletes Velasquez as detained under § 1226(a).

ORDER – 3

Finally, in *Garcia Gabriel v. Hermosillo*, No. 25-cv-2594, 2026 WL 194233 (W.D. Wash. Jan. 26, 2026), the court found the petitioner "cannot be subject to the detention procedures contained in § 1225 at all because he came to the United States as an unaccompanied minor." *Id.*, at *3. Mr. Fletes Velasquez likewise entered the United States as an unaccompanied minor. Dkt. # 8 ¶ 4. This forms yet another independent basis to find he is detained under § 1226(a).

As Respondents acknowledge, noncitizens detained under § 1226(a) are entitled to a bond hearing. *See* Dkt. # 7 at 9 ("Should this Court find that Petitioner is detained under 8 U.S.C. § 1226(a), then the appropriate relief would be a section 1226(a) bond hearing, not release."); *Rodriguez Vasquez*, 802 F. Supp. 3d at 1306 ("noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an [immigration judge] at any time before entry of a final removal order."); *Garcia Gabriel*, 2026 WL 194233, at *6 (ordering bond hearing). Accordingly, the Court grants Mr. Fletes Velasquez habeas relief in the form of a bond hearing.[1]

//
//
//
//
//
//

---

[1] Mr. Fletes Velasquez, who is proceeding *pro se*, raises additional arguments that he was detained "without a warrant signed by a federal judge" and that he has been detained "longer [than] the statutory mandate." Dkt. # 4 at 3. He does not provide additional support for these arguments. Respondents argue "any habeas claim [based] on his arrest is now moot, since the arrest is not the source of his present custody." Dkt. # 7 at 6. Mr. Fletes Velasquez did not file a reply to Respondents' return. Based on the arguments as presented, the Court finds Mr. Fletes Velasquez has not satisfied his burden of showing entitlement to additional relief.

ORDER – 4

## V.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Petitioner's petition for writ of habeas corpus, Dkt. # 4, and **ORDERS**:

1.    Within 14 days of this order, Respondents must either provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) or release him under an appropriate order of supervision.

2.    Within 2 business days of the bond hearing or release, Respondents shall file a status report confirming compliance with this order.  The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

The Clerk shall provide a copy of this order to Petitioner, enter judgment, and close this case.

Dated this 25th day of March, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 5